639 So.2d 189 (1994)
M.S.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03417.
District Court of Appeal of Florida, Second District.
July 8, 1994.
Domingo G. Alvarez, III, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
*190 RYDER, Acting Chief Judge.
M.S.M. contests his adjudication of delinquency and commitment to the custody of the Department of Health and Rehabilitative Services (HRS) because the trial court's order did not state specific reasons for the adjudication and commitment. We agree with M.S.M. and reverse.
While the order set forth many reasons why the lower court decided to exceed the recommended restrictiveness level, neither the order nor the transcript of the hearing revealed the specific reasons for its decision to adjudicate and commit M.S.M. The order did not, therefore, comply with section 39.052(3)(e), Florida Statutes (1991). As we stated in P.D.W. v. State, 621 So.2d 739 (Fla. 2d DCA 1993), strict compliance with this statutory section is mandatory, and the failure to comply constitutes reversible error. We reverse M.S.M.'s adjudication of delinquency and commitment to HRS's custody, and remand for a new disposition hearing.
Reversed and remanded.
PARKER and PATTERSON, JJ., concur.